**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

DOW CORNING CORPORATION,

    Reorganized Debtor.

Civil Action No. 00-X-00001-DT
Litigation Facility Matters
Honorable Denise Page Hood

_____/

**Individual Cases:**

    05-30001, Linda R. Morano v. DCC Litigation Facility
    05-30004, Betty Ayers v. DCC Litigation Facility
    05-30009, Pamela Jean Garmon v. DCC Litigation Facility
    05-30044, Carmen A. Cladera v. DCC Litigation Facility
    05-30073, Loa Carolyn Vernon v. DCC Litigation Facility
    05-30096, Jacqueline J. O'Steen v. DCC Litigation Facility
    05-30127, Carol L. Fredenburg v. DCC Litigation Facility
    05-30134, Patricia C. Heppler v. DCC Litigation Facility
    05-30157, Regina M. Augello v. DCC Litigation Facility
    05-30209, Linda Keller v. DCC Litigation Facility
    05-30353, Bonita Ann Watson v. DCC Litigation Facility
    05-30355, Sharon K. Taylor v. DCC Litigation Facility
    05-30378, Susan Cocchiarella v. DCC Litigation Facility
    05-30382, Mary Edlund v. DCC Litigation Facility
    05-30450, Denise Michele Brendel v. DCC Litigation Facility
    05-30504, Virginia Bisek v. DCC Litigation Facility
    05-30529, Margo Melzer Ayre v. DCC Litigation Facility
    05-30543, Gail Ann Lopez v. DCC Litigation Facility
    05-30568, Loretta Kovak v. DCC Litigation Facility
    05-30587, Alison Johnson v. DCC Litigation Facility
    05-30597, Marva Smith v. DCC Litigation Facility
    07-10536, Karen Vine v. DCC Litigation Facility

_____/

**MEMORANDUM OPINION AND ORDER**

I.  **BACKGROUND/FACTS**[1]

Defendant Dow Corning Corporation Facility (the "Litigation Facility") filed motions for summary judgment in the 22 cases noted above claiming that it is entitled to summary judgment because Dow Corning did not manufacture nor supply any components used in plaintiffs' breast implants manufactured by McGhan Medical Corporation ("McGhan"). The Litigation Facility admits that Dow Corning has supplied to certain breast implant manufactures the two major components used to make silicone breast implants: 1) silicone dispersion used to make the elastomer outer envelope or shell, and 2) mammary gel, sold in two parts (A and B) that were then combined to make the implant's gel filling. Dow Corning claims there is no evidence that these components were ever supplied by Dow Corning to McGhan or used in any McGhan implants.

The Litigation Facility submitted evidence supporting its claim that McGhan breast implants do not contain any silicone materials manufactured by Dow Corning based on discovery taken in the early to mid-1990s in *In re Coordinated Breast Implant Litigation*. The Litigation Facility has now filed its summary judgment motions arguing that the claimants in Class 8, those with McGhan implants, are unable to meet the initial threshold of product identification.

II.  **ANALYSIS**

   A.  **Summary Judgment Standard of Review**

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] The following published opinions provide a detailed history of this bankruptcy action: *In re Dow Corning Corp.,* 255 B.R. 445 (E.D. Mich. 2000), 86 F.3d 482 (6th Cir. 1996), 113 F.3d 565 (6th Cir. 1997), 280 F.3d 648 (6th Cir. 2002), and 456 F.3d 668 (6th Cir. 2006).

a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.  Product Identification**

"The threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer." *Roberts v. Owens Corning Fiberglas Corp.,* 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Abel v. Eli Lilly & Co.,* 418 Mich. 311, 324 (1984)). In a product liability action, a plaintiff bears the ultimate burden of proving causation. A defendant is entitled to summary judgment unless a plaintiff can point to evidence to allow a reasonable jury to find that a product or material made by the defendant caused plaintiff's injury. *Roberts,* 726 F. Supp. at 173-74. In the absence of adequate product identification, there can be no proof of

3

causation and summary judgment should be granted. *Id.* at 174.

McGhan was founded by Donald McGhan in November 1974, along with other employees. McGhan began marketing its first silicone gel breast implant in March 1975. (DCCLF Ex. 3) Since 1975 through 1976, McGhan used components supplied by General Electric ("GE") for its silicone gel filling and silicone elastomer shell. (DCCLF Exs. 5 and 6) T. Jan Varner, one of McGhan's co-founders and product manager, testified that Dow Corning played no role in the design of the McGhan implants. (DCCLF Ex. 4)

GE discontinued selling silicone products for human implantation and terminated its supply relationship with McGhan in 1976. McGhan thereafter designed and manufactured its own silicone for use in its breast implants. (DCCLF Ex. 5) The McGhan components mimicked the components supplied by GE. (DCCLF Ex. 9) Mr. McGhan testified that the components for the shell of its implants remained substantially the same as those supplied by GE since GE was cooperating with McGhan to ensure that the components were the same. (DCCLF Ex. 10) Mr. McGhan further testified that McGhan did not use Dow Corning components for McGhan's breast implant gels or shells. (DCCLF Ex. 10) Mr. Varner and William Oppelt, McGhan's production manager in the 1970s and 1980s, both testified that McGhan implants did not contain any materials manufactured by Dow Corning. (DCCLF Exs. 4 and 11)

As to suggestions that Dow Corning briefly supplied mammary gel components in Parts A and B to McGhan as a back-up supply source during the transition in 1976 from GE as a supplier of the gel to McGhan manufacturing its own gel in-house, Mr. Varner testified that although there may have been some sample quantities of Dow Corning gel in-house, Dow Corning products were not used commercially by McGhan. (DCCLF Ex. 4)

4

In June 1977, McGhan was acquired by Minnesota Mining Manufacturing Company ("3M") as a subsidiary, which later merged into 3M in December 31, 1980. (DCCLF Ex. 3) 3M/McGhan continued to make its own gel and dispersion for elastomer. (DCCLF Ex. 7)

The McGhan line was sold by 3M to Donald McGhan, creating a "new" McGhan in 1984. (DCCLF Ex. 3) McGhan began to purchase the components for its breast implants from its own subsidiary, McGhan-Nusil, in order to reduce its dependency on outside suppliers. (DCCLF Ex. 8) A McGhan brochure from the mid-1980s to plastic surgeons described its gel as "high performance silicone elastomer" contrasting it to the elastomer manufactured by Dow Corning Wright. (DCCLF Ex. 13) McGhan was competing with Dow Corning's products. (DCCLF Ex. 9)  McGhan's materials were proprietary and McGhan did not share its formulas with Dow Corning. (DCCLF Exs. 4, 6)

### C.  No Responses Filed

The following claimants filed no response to the summary judgment motions. Given that the Litigation Facility has submitted sufficient evidence to support its summary judgment motion and these claimants have failed to submit any response and no facts to create a genuine issue of material fact, summary judgment in the Litigation Facility's favor is granted. The claimants/cases (numerically) filing no responses are:

- 05-30004, Ayers v. DCCLF (McGhan implants placed on December 9, 1977)
- 05-30009, Garmon v. DCCLF (McGhan implants placed in August 1976)
- 05-30044, Cladera v. DCCLF (McGhan implants placed on June 29, 1994)
- 05-30096, O'Steen v. DCCLF (McGhan implants placed in 1982)
- 05-30127, Fredenburg v. DCCLF (McGhan implants placed in 1975)
- 05-30157, Augello v. DCCLF (McGhan implants placed on Sept. 20, 1987 or 1988)
- 05-30353, Watson v. DCCLF (McGhan implants placed on Feb. 12, 1985)
- 05-30378, Cocchiarella v. DCCLF (McGhan implants placed in 1982)
- 05-30450, Brendel v. DCCLF (McGhan implants placed on April 2, 1976)
- 05-30529, Ayre v. DCCLF (McGhan implants placed in 1980)

5

- 05-30543, Lopez v. DCCLF (McGhan implants placed on April 12, 1988)
- 07-10536, Vine v. DCCLF (McGhan implants placed – no date in Questionnaire)

### D. Individual Claimants With Responses

The following claimants have filed responses, but have submitted no evidence to rebut the Litigation Facility's evidence that Dow Corning supplied no components of their McGhan implants. Each response is discussed below in numeric order:

#### 05-30001, Morano v. DCCLF

Linda R. Morano received McGhan implants on July 22, 1989. (DCCLF Ex. 14) Ms. Morano e-mailed the Litigation Facility's counsel, Timothy Jordan, who then forwarded the e-mail to the Court fo filing. Ms. Morano states in her e-mail that McGhan had the capacity to produce its own silicone materials for breast prostheses and other medical products. "However, many of the McGhan products also included Dow Corning raw materials and elaborate searches of corporate production (lot history) records have to be examined in detail to establish the identity and the source of components that entered into specific issues of their products." (Morano E-mail Resp.) Ms. Morano indicates that her medical records are incomplete since McGhan refused to identify her implants after her explant and that the doctor who performed the explants shipped the implants back to McGhan for inspection.

Ms. Morano does not identify the source of her claim that Dow Corning supplied McGhan raw materials. Other than her unsupported allegations, Ms. Morano fails to submit any evidence that Dow Corning supplied any materials to McGhan which were used in McGhan implants.

#### 05-30073, Vernon v. DCCLF

Loa Carolyn Vernon received McGhan implants on August 4, 1978. (DCCLF Ex. 14) Ms. Vernon submitted a response dated July 1, 2007. Ms. Vernon feels that the Litigation Facility has

not shown proof that in 1978, Dow Corning did not supply to McGhan one of the two major components used to make the breast implant–the silicone elastomer shell or the mammary gel filling. Ms. Vernon quotes and re-submits the deposition testimonies submitted by the Litigation Facility, such as Mr. Varner's testimony. Ms. Vernon submitted medical records which indicate that McGhan implants were used by her surgeon.

Other than her belief that the Litigation Facility has not shown proof that in 1978 Dow Corning did not supply any components used in McGhan's breast implants, Ms. Vernon has not submitted any evidence that Dow Corning supplied any of the components in the McGhan breast implants manufactured in 1978.

**05-30134, Heppler v. DCCLF**

Patricia C. Heppler received McGhan implants on September 17, 1985. (DCCLF, Ex. 14) Ms. Heppler claims she is legally blind from multiple sclerosis and that she disagrees with the Litigation Facility's evaluation. (Heppler Resp.) "All I know my medical records from St. Joe's Hospital-Elgin, Ill and from my surgeons Dow made my implants. You have my records.") (Heppler Resp.) Ms. Heppler is asking for $5,000 to put into an account so that she can have her implants removed.

At the hearing, in response to the Court's inquiry, the Litigation Facility indicated Ms. Heppler did not submit any medical records with her Questionnaire. Plaintiffs' Liaison Counsel, Leslie Bryan, indicated that Ms. Heppler may have submitted her medical records to the MDL-926 Facility. Ms. Bryan indicated that she would make an inquiry with the MDL regarding Ms. Heppler's medical records and report to the Court her findings. Ms. Bryan, along with the Litigation Facility's counsel, John Donley, thereafter reported that Ms. Heppler had one set of McGhan-style

implants and was paid as an Inamed claimant before the MDL. Both counsel agreed that the Court proceed with the motion on the papers submitted by Ms. Heppler and the Litigation Facility.

Ms. Heppler's Proof of Claim form indicates she was implanted with McGhan implants, style no. 40. She does not check the Dow Corning box in the Questionnaire. Ms. Heppler has not submitted any proof to rebut the Litigation Facility's evidence that Dow Corning did not supply any materials used in McGhan's breast implants.

**05-30209, Keller v. DCCLF**

Linda Keller received her McGhan implants on June 11, 1979. Ms. Keller in her response states that "I was under the impression that some of the product in my implants was made by Dow Corning." (Keller Resp.) Ms. Keller's implants were removed on May 31, 1996. She states she is being treated for allergies to molds, dust and pollens, chronic fatigue, fibromyalgia, and depression.

Other than Ms. Keller's impression that some of the products in her implants were made by Dow Corning, Ms. Keller submitted no proof to rebut the Litigation Facility's evidence that Dow Corning did not supply any materials used in the McGhan implants.

**05-30355, Taylor v. DCCLF**

Sharon K. Taylor received McGhan implants on May 1, 1979. Ms. Taylor contends that the depositions submitted by the Litigation Facility should not be considered and that instead actual documentation should be considered as legal proof. Ms. Taylor claims that neither Dow Corning nor McGhan have shown that Dow Corning did not supply materials used in the McGhan breast implants and that silicon is silicon. Ms. Taylor further claims that she has the same symptoms and medical conditions as those claimants with Dow Corning breast implants. (Taylor Resp.)

8

Deposition testimonies are allowed as evidence to support a summary judgment motion. Fed. R. Civ. P. 56. Other than Ms. Taylor's unsupported allegations that Dow Corning supplied materials used in the McGhan breast implants, she has not submitted any evidence to rebut the Litigation Facility's evidence that Dow Corning did not supply materials used in the McGhan breast implants.

### 05-30382, Edlund v. DCCLF

Mary Edlund received McGhan implants on August 31, 1982. Ms. Edlund submitted a Request for Dismissal indicating that she did not intend to be a plaintiff against Dow Corning and that she did not file this case against Dow Corning. She claims she submitted the Questionnaire to preserve her right to litigate against Dow Corning in the future should her condition warrant. (Edlund Request for Dismissal) Ms. Edlund requests a dismissal without prejudice.

The Litigation Facility argued at the hearing that even if Ms. Edlund did not intend to file this case against Dow Corning, she will still be unable to show in the future that Dow Corning supplied any components used in the McGhan implants, therefore, the dismissal should be with prejudice.

Although Ms. Edlund may not have intended to file a case against Dow Corning, Ms. Edlund did submit a Questionnaire indicating she received McGhan implants. Even if Ms. Edlund decides to file a case against Dow Corning at a later date, the fact that she received McGhan implants in 1982 will not change. Ms. Edlund has not submitted any evidence that Dow Corning supplied any components to the McGhan implants used in her surgery in 1982. The Litigation Facility is entitled to summary judgment and dismissal with prejudice.

### 05-30504, Bisek v. DCCLF

9

Virginia Bisek claims in her Questionnaire that 3M and McGhan manufactured her breast implants and that Dow Corning supplied the raw materials of the implants. She does not indicate the date she received the implants. (DCCLF Ex. 14) Ms. Bisek e-mailed Mr. Jordan on June 26, 2007 with the subject matter re: "You are Lying re DCC Litigation Facility." Mr. Jordan forwarded the e-mail to the Court. Ms. Bisek essentially states that the Questionnaires are impossible to fill out. Ms. Bisek does not respond to the arguments and facts set forth in the Litigation Facility's summary judgment motion. Ms. Bisek does not submit any evidence to rebut the Litigation Facility's evidence that Dow Corning did not supply any materials used in the McGhan breast implants.

**05-30568, Kovak v. DCCLF**

Loretta Kovak received McGhan implants on June 11, 1984. In her response, she submits medical records. However, these records do not show that Dow Corning manufactured or supplied her implants. The records indicate that a style 56 prostheses from 3M McGhan was placed on June 11, 1984. (Kovak Resp.) Ms. Kovak truly believes that Dow Corning supplied the silicone for the elastomer shell or the mammary gel filling for the 3M McGhan implant because it is listed in a small booklet she received from the Dow Corning Settlement. (Kovak Resp.)

The booklet referred to by Ms. Kovak from the Settlement Facility is a listing of various implant manufacturers which show that McGhan implants implanted before August 3, 1984 are in the Revised Program under 3M. The booklet does not affirmatively state that Dow Corning supplied materials used in the 3M McGhan breast implants. Ms. Kovak has not submitted any evidence to rebut the Litigation Facility's evidence that Dow Corning did not supply any materials used in the McGhan breast implants.

**05-30587, Johnson v. DCCLF**

Alison Johnson received McGhan implants in 1980. Ms. Johnson claims in her response that the Litigation Facility is wrong and attempts to mislead the Court by fiction rather than established fact in their motion. Ms. Johnson argues that the Litigation Facility fraudulently relies on untrue statements.

Although Ms. Johnson opposes the motion, the Litigation Facility claims that she has submitted no evidence to support her claim that the evidence submitted by the Litigation Facility is misleading and that she requires discovery. The Litigation Facility in its reply argues that extensive discovery regarding the McGhan implants was conducted more than ten years ago and that these documents reside in the MDL repository which have been available to Ms. Johnson. Other than her claim that the Litigation Facility relies on untrue statements, Ms. Johnson has not submitted any evidence to rebut the evidence submitted by the Litigation Facility that Dow Corning did not supply any materials used in the McGhan breast implants.

**05-30597, Smith v. DCCLF**

Marva Smith states in her Questionnaire that she received 3M and McGhan implants. (DCCLF Ex. 14) On May 25, 1983, Ms. Smith received a 3M McGhan Style 80 Mammary implant, gel-filled. (Smith Resp.) Ms. Smith requests in her response that her case not be dismissed. Ms. Smith claims that CEO Don McGhan brought the intellectual knowledge with him to McGhan from his former employment with Dow Corning. She further claims that she has been attempting to contact her attorney but does not have his new address. She is also attempting to obtain some information about the purpose of her serum biological research taken in December 1985 and utilized in some capacity by Johnson and Johnson Laboratories.

11

Although Ms. Smith submitted her medical records and other documents from her former lawyers, these documents do not show that Dow Corning supplied any of the materials used in the 3M McGhan implants. Ms. Smith has not rebutted the evidence submitted by the Litigation Facility that Dow Corning did not supply any of the materials used in the McGhan implants.

### III. CONCLUSION

Based on the papers submitted by the parties, the Court finds the Litigation Facility is entitled to summary judgment on the product identification issue. The Litigation Facility submitted sufficient evidence showing that McGhan did not use any materials manufactured by Dow Corning in McGhan's breast implants. Rule 56(e) provides that a non-moving party may not rest upon the mere allegations or denials of the adverse party's pleading but must set forth specific facts showing that there is a genuine issue for trial. Fed. R Civ. P. 56(e). Since the claimants have the burden to prove product identification, in the absence of adequate product identification, there can be no proof of causation and summary judgment is granted. *Roberts,* 726 F. Supp. at 174. The Litigation Facility is entitled to summary judgment.

Accordingly,

IT IS ORDERED that the Motions for Summary Judgment filed in the following cases are GRANTED and the cases are DISMISSED with prejudice:

> **05-30001, Linda R. Morano v. DCC Litigation Facility**
> **05-30004, Betty Ayers v. DCC Litigation Facility**
> **05-30009, Pamela Jean Garmon v. DCC Litigation Facility**
> **05-30044, Carmen A. Cladera v. DCC Litigation Facility**
> **05-30073, Loa Carolyn Vernon v. DCC Litigation Facility**
> **05-30096, Jacqueline J. O'Steen v. DCC Litigation Facility**
> **05-30127, Carol L. Fredenburg v. DCC Litigation Facility**
> **05-30134, Patricia C. Heppler v. DCC Litigation Facility**
> **05-30157, Regina M. Augello v. DCC Litigation Facility**
> **05-30209, Linda Keller v. DCC Litigation Facility**

**05-30353, Bonita Ann Watson v. DCC Litigation Facility**
**05-30355, Sharon K. Taylor v. DCC Litigation Facility**
**05-30378, Susan Cocchiarella v. DCC Litigation Facility**
**05-30382, Mary Edlund v. DCC Litigation Facility**
**05-30450, Denise Michele Brendel v. DCC Litigation Facility**
**05-30504, Virginia Bisek v. DCC Litigation Facility**
**05-30529, Margo Melzer Ayre v. DCC Litigation Facility**
**05-30543, Gail Ann Lopez v. DCC Litigation Facility**
**05-30568, Loretta Kovak v. DCC Litigation Facility**
**05-30587, Alison Johnson v. DCC Litigation Facility**
**05-30597, Marva Smith v. DCC Litigation Facility**
**07-10536, Karen Vine v. DCC Litigation Facility**

                                       */s/ Denise Page Hood*
                                       DENISE PAGE HOOD
                                       United States District Judge

DATED: March 3, 2008